# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| BARRY KIRKLAND, | |
|---|---|
| Petitioner, | CIVIL ACTION NO. 1:14-cv-00318 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| JOHN KERESTES, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On February 21, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Barry Kirkland, on February 18, 2014. (Doc. 1). At the time of filing, Kirkland was incarcerated at SCI Mahanoy, which is located in Schuylkill County, Pennsylvania.

I. **STATEMENT OF THE CASE**

On or about August 10, 2000, following a jury trial, Kirkland was convicted in the Court of Common Pleas of Dauphin County of first-degree murder and he was sentenced to serve a term of life imprisonment. *Commonwealth v. Kirkland*, Docket No. CP-22-CR-0002026-1999 (Dauphin

County C.C.P.).[1] (*See also* Doc. 1, at 1). On or about October 13, 2000, Kirkland pleaded guilty before that same court to charges of rape and murder, and he was sentenced to second term of life imprisonment. *Commonwealth v. Kirkland*, Docket No. CP-22-CR-0001225-2000 (Dauphin County C.C.P.). (*See also* Doc. 1, at 1). Kirkland did not appeal either judgment of conviction and sentence, nor did he file a timely PCRA petition. *Commonwealth v. Kirkland*, Docket Nos. CP-22-CR-0002026-1999, CP-22-CR-0001225-2000 (Dauphin County C.C.P.) (Doc. 1, at 2).[2]

Kirkland filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 18, 2014.[3] (Doc. 1). On August 7, 2014, the respondent filed his response to the petition. (Doc. 9).

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, Civil Action No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

[2] On July 8, 2013, Kirkland filed an application for leave to file original process and a petition for a writ of habeas corpus in the Supreme Court of Pennsylvania. *Kirkland v. Kerestes*, Docket No. 108 MM 2013 (Pa.). On September 11, 2013, the Supreme Court of Pennsylvania summarily granted leave to file original process and denied his petition for a writ of habeas corpus. *Id.*

[3] The instant petition was received and docketed by the Court on February 21, 2014, but it appears to have been deposited in the prison mail system on February 18, 2014, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

On September 9, 2014, Kirkland filed his reply. (Doc. 11).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, *id.* § 2244(d)(1), and the circumstances under which the limitation period may be tolled, *id.* § 2244(d)(2).

### A. Calculation of the Applicable Limitation Period

Under the AEDPA, a state prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Where a prisoner does not pursue direct review of his conviction all the way to the Supreme Court of the United States, his conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Here, the later state judgment of conviction against Kirkland was entered on October 13,

2000. Because Kirkland did not file a timely notice of appeal to the Superior Court of Pennsylvania, his conviction became final thirty-one days later on Monday, November 13, 2000. *See* Pa. R. App. P. 903(a) (permitting 30 days after entry of a lower court order to file a notice of appeal); 1 Pa. Cons. Stat. § 1908 (providing that, whenever the last day of a time period falls on a Sunday, it shall be omitted from the computation); Pa. R. App. P. 107 (incorporating § 1908 by reference).

Thus, absent any applicable tolling period, Kirkland had until November 13, 2001, to timely file his federal petition for a writ of habeas corpus. The instant petition was filed more than thirteen years later on February 18, 2014.

### B. Statutory Tolling

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In this case, however, Kirkland did not file a timely PCRA petition, and he did not file his state habeas petition in the Supreme Court of Pennsylvania until July 8, 2013, more than eleven years after the AEDPA limitations period had expired. *See Kirkland v. Kerestes*, Docket

No. 108 MM 2013 (Pa.). Thus, the limitation period was not tolled, as "a state court petition . . . that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled." *Danner v. Cameron*, 955 F. Supp. 2d 410, 416 (M.D. Pa. 2013) (brackets in original) (quoting *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)); *see also Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999).

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the AEDPA statute of limitations.

**C. Equitable Tolling**

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at

418.

In his response to the contention that his federal petition is time-barred, the petitioner relies exclusively on a meritless argument that his petition is not subject to the AEDPA statute of limitations because his claim questions the jurisdiction of the state trial court and the validity of its judgment. *See Shoatz v. DiGuglielmo*, Civil Action No. 07-cv-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011); *see also Breese v. Maloney*, 322 F. Supp. 2d 109, 111–12 (D. Mass. 2004). He has alleged no extraordinary circumstances that stood in his way and prevented him from timely filing a federal habeas petition.

Accordingly, Kirkland has failed to demonstrate that he is entitled to any period of equitable tolling.

## III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as untimely filed. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v.*

*Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: October 7, 2015                    *s/ Joseph F. Saporito, Jr.*
                                          **JOSEPH F. SAPORITO, JR.**
                                          **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY KIRKLAND,<br><br>  Petitioner,<br><br>v.<br><br>JOHN KERESTES,<br><br>  Respondent. | CIVIL ACTION NO. 1:14-cv-00318<br><br>(KANE, J.)<br>(SAPORITO, M.J.) |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated October 7, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 7, 2015**  *s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**